[File No. 6907]

AARON SUKUT, Appellant, v. GOTTLOB SUKUT, Respondent.

(12 NW(2d) 536)

Opinion filed January 3, 1944

*Chas. Coventry,* and *August Doerr,* for appellant.

*Irvin F. Wagner,* for respondent.

BURR, J.   In his complaint plaintiff alleges, among other things: That he is the owner and entitled to the immediate possession of one-

fourth share of the grain crops raised on the south half of section 12, Twp. 134, Range 70, in the year 1941; that under a judgment and decree of the district court of Logan County, entered November 28, 1941, plaintiff was given the title to this share and the right to its possession; that the defendant "wrongfully and unlawfully" retained possession thereof and upon demand refused to deliver the same to the plaintiff; that plaintiff is entitled to 84.75 bushels of durum wheat, 308.75 bushels of hard wheat, and 212.50 bushels of oats, all of the value of $500. The crop was taken on claim and delivery proceedings and delivered to the plaintiff.

The answer alleges:

"1. That as to the entry of Judgment as alleged in paragraph One of Plaintiff's complaint he has not sufficient information to form a belief and therefore denies the same.

"2. That a foreclosure action was brought against the Defendant by the Plaintiff to foreclose a contract of purchase for the S½ of S 12, T 134 R 70, which foreclosure action was tried to the District Court of Logan County, North Dakota on or about the 8th day of November, 1940, and that in an opinion entered by the Court an Interlocutory decree entered thereon, it was decreed that the Defendant have one year in which to redeem said real estate and to fulfill his contract and that in case he fail to redeem that he pay $25.00 cash rental and one fourth of all crop raised in the farming season of 1941. That thereafter in the Month of December 1940, the Defendant paid to the Plaintiff the sum of approximately $1000.00 balance due on the contract of purchase of said real estate, and it was mutually agreed at the time of said payment as a part of the consideration that the Defendant would have possession of said real estate during the year of redemption, without any payment of rent or without delivering any of the crop, but that the Defendant as a part of the consideration of such payment was to retain all of the 1941 crop."

The jury found for the defendant for the value of the crop in the sum of $500 and judgment was entered thereon. The plaintiff moved for a new trial, based solely upon "the insufficiency of the evidence to justify the verdict or to sustain any judgment entered thereon." From an order denying this motion the appeal is taken.

There is a dispute as to this alleged agreement set up in the answer but in the light of the law of the case it is not necessary for us to determine this matter.

The controversy arose over a deal which originated in 1931. In that year the plaintiff sold to the defendant this half section described. The purchase price was $8,800, and as part payment thereof, plaintiff accepted from the defendant a promissory note in the sum of $2,800 secured by a mortgage on different land. The sale was evidenced by a contract which provided that the remaining $6,000 was to be paid in annual payments of $500 each, with interest. The defendant defaulted in his payments and in 1940 the plaintiff commenced an action to cancel the contract, which action was brought on for trial on November 8, 1940. At that time the court announced its decision in favor of plaintiff, canceling the contract, but stated the defendant would have one year *from date of trial* in which to redeem. The order for judgment was not made at that time; but the record in that case, introduced here, shows that the court then ruled that if the defendant herein did not redeem as provided the defendant would be required to "deliver to Plaintiff one-fourth share of all grain crops raised on said premises during the season of 1941 and pay $25.00 cash rent for hay land."

In December, 1940, the parties herein had a conference with reference to the amount remaining unpaid on the note for $2,800 given as part of the purchase price, and there was a compromise settlement made between them with reference to the note, plaintiff accepting $800.00 in discharge thereof. Defendant claims that in addition plaintiff agreed to surrender his right to the one-fourth share of the crop to be grown in 1941. This, plaintiff denies, and here we have the only question of fact in dispute.

The Findings of Fact, Conclusions of Law, and Interlocutory Decree are dated September 12, 1941, but the year of redemption was to begin on the day of trial; that is, in November, 1940. The judgment of the district court, entered November 28, 1941, states plaintiff on that day set forth "that defendant has failed to redeem from said cancellation and foreclosure and had failed to deliver 1-4 share of 1941 grain crops raised on said premises and had failed to pay the cash rent

of $25.00 for use of hay land, etc." There is nothing in the record to show defendant paid the "balance due on the contract of purchase of said real estate." Defendant's own testimony shows he did not.

On November 28, 1941, the court made and entered judgment in the action of foreclosure which judgment, among other things, provides:

"It is adjudged, determined and decreed that the contract for deed, heretofore made and entered into by and between Aaron Sukut, Plaintiff and Gottlieb [Gottlob] Sukut, Defendant on the 8th day of April 1931, be and the same is hereby cancelled, forfeited, terminated and foreclosed, and all the right, title to, interest in, claim or demand of the Defendant in and to said premises is hereby declared null and void, and the Defendant is foreclosed of all right, title to, interest in, or claim or demand upon said premises.

"It is further adjudged, determined and decreed that the Defendant pay to Plaintiff $25.00 as cash rent for the use of the hay lands upon said premises for the year 1941, and to secure payment thereof, Plaintiff have a lien upon Defendant's share of grain crops raised upon said premises during the farming season of 1941, and that Defendant deliver to Plaintiff one-fourth share of all grains of whatsoever nature or kind raised upon said premises during the said farming season of 1941, and that Plaintiff have judgment against the Defendant for the costs and disbursements of this action, taxed and allowed in the sum of $23.00.

"The following is a description of the real estate affected by this Judgment:

South-half (S½) of Section Twelve (12),
Township One Hundred Thirty-four (134)
North, of Range Seventy (70) West."

It will be noted this conference was held some nine months prior to the making of the findings of fact, the setting of the time for redemption and the fixing of the terms of the judgment in case of failure to redeem; and eleven months prior to the entry of the judgment giving this one-fourth of the crop to the plaintiff. This judgment has never been modified nor set aside and there is no claim whatever that any payment for or delivery of the crop has been made.

It is upon this judgment plaintiff bases his right to recovery. Upon the trial of the case at bar, the plaintiff introduced this judgment and then rested; the parties having stipulated as to the amount of the grain demanded and taken and as to its value.

In his brief here, appellant asserts: "The Court by its interlocutory decree and judgment entered thereon had determined that if no redemption was made, the Plaintiff in this action was to have one-fourth the crop grown on the land involved, during the year 1941 as rent for its use plus $25.00 cash. This judgment determined all matters connected with the contract for deed. No redemption was made and hence Plaintiff became entitled to one-fourth of the crop, plus the $25.00. The Defendant didn't deliver this one-fourth crop and so Plaintiff brought an action in claim and delivery to recover it."

This judgment entered imports verity. So long as that judgment stands it can not be attacked collaterally. As stated in Tuttle v. Tuttle, 48 ND 10, 181 NW 898, "A judgment rendered by a court of general jurisdiction, having jurisdiction of the parties and the subject-matter, imports absolute verity. As long as it stands, it cannot be attacked collaterally by any of the parties thereto, or those in privity with them."

See also Kelsch v. Dickson, 71 ND 430, 1 NW(2d) 347.

Defendant's defense is based solely upon this alleged agreement, ignoring the effect of the subsequent judgment. Whatever may have been the agreement it is clear it can not be asserted as a defense in this action. It was made in December, 1940; but the subsequent judgment of the court determines that the plaintiff is the owner of one-fourth of this crop. This was the judgment entered almost a year after the time of the alleged agreement, and this is the basis for plaintiff's claim.

That this defense is a collateral attack upon the judgment is clear. What is a collateral attack is set forth in Olson v. Donnelly, 70 ND 370, 378, 294 NW 666, 669.

Respondent argues that "the judgment foreclosing the Land Contract did not act as an estoppel to this new agreement," and in support thereof quotes from 34 CJ 905, as follows:

"The estoppel of a judgment extends only to the facts in issue as

they existed at the time the judgment was rendered, and does not prevent a re-examination of the same questions between the same parties where in the interval the facts have changed or new facts have occurred which may alter the legal rights or relations of the litigants."

This rule has no bearing whatever in aid of defendant on the issue before us. The judgment was entered almost a year after the date of the alleged agreement, not before.

"The facts in issue as they existed at the time the judgment was rendered" are conclusively presumed to be determined correctly when the judgment is attacked collaterally. Whether the judgment was entered inadvertently or even fraudulently is immaterial here, though there is no claim of inadvertence or fraud.

Upon the record in this case the only relief plaintiff asks is a new trial. Owing to the verity attached to the judgment and the fact that it remains unmodified, it is clear the evidence in the case is insufficient to sustain the judgment appealed from; in fact, the evidence shows the plaintiff is the owner of the grain involved and therefore the motion for a new trial should have been granted.

MORRIS, Ch. J., and CHRISTIANSON, NUESSLE and BURKE, JJ., concur.